# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Hilda L. Solis, Secretary of Labor,
United States Department of Labor,

      Plaintiff,

  v.

Susan Blackford and Joel Blackford,
individually and as fiduciary to the
Copy Cat Business Systems, Inc. SEP/SAR
Plan; Copy Cat Business Systems, Inc.,
and Copy Cat Business Systems Inc.
SEP/SAR Plan,

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-2148 ADM/JSM

---

Bruce C. Canetti, Esq., U.S. Department of Labor, Chicago, IL, for Plaintiff.

Susan Blackford, pro se.

Joel Blackford, pro se.

---

## I.  INTRODUCTION

On December 21, 2010, the undersigned United States District Judge heard oral argument on the Secretary of Labor's ("Secretary") Motion for Summary Judgment [Docket No. 33]. For the reasons set forth below, the Secretary's motion is granted.

## II.  BACKGROUND[1]

Defendants Susan Blackford ("S. Blackford") and Joel Blackford ("J. Blackford") are the former owners of Copy Cat Business Systems, Inc. ("Copy Cat"). J. Blackford Aff. [Docket No.

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

42] ¶ 3. Copy Cat sponsored an employee pension retirement plan (the "Plan") for the benefit of its employees. Exh. List [Docket No. 36] Exs. A, B. J. Blackford, as President of Copy Cat, appointed S. Blackford as the Plan administrator in 1996. Id.; J. Blackford Aff. ¶ 2. During the period of January 1, 2003 through December 31, 2006, S. Blackford and J. Blackford admit that approximately $12,000 to $14,000 in employee Plan contributions were improperly placed into Copy Cat's general account and used to pay creditors. Exh. List Exs. B, D.

The Secretary alleges that Defendants' failure to ensure that employee plan contributions were remitted to the company's employee pension benefit plan violated Title 1 of the Employee Retirement Income Security Act ("ERISA"). See 29 U.S.C. § 1001 et. seq. Neither J. Blackford nor S. Blackford dispute that Plan contributions were handled in violation of ERISA. However, J. Blackford argues that he was not a Plan fiduciary and that S. Blackford, who has admitted liability as a fiduciary, is the sole responsible party.

### III. DISCUSSION

#### A. Standard of Review for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or

2

denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B. ERISA**

ERISA defines a covered employee benefit plan to include "employee pension benefit plans." 29 U.S.C. § 1002(2). An employee pension plan is defined as "any plan, fund, or program" which is "established or maintained by an employer or by an employee organization, or both, to the extent that . . . such plan, fund, or program . . . provides retirement income . . . ." 29 U.S.C. § 1002(2)(A). The plan at issue here is an ERISA-covered employee benefit plan because it was established by Copy Cat to provide retirement income. See id.; Exh. List Exs. A, B, D.

ERISA further provides that a person is a fiduciary with respect to a retirement plan to the extent "(i) he exercises any discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. 29 U.S.C. § 1002(21)(A). A fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries" for the "exclusive purpose" of "providing benefits to participants and their beneficiaries" and "defraying reasonable expenses of administering the plan." 29 U.S.C. § 1004(a)(1). ERISA also requires plan fiduciaries to discharge their fiduciary duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1004(a)(1)(B). The duties imposed upon ERISA fiduciaries are the "highest known to

3

the law." Donovan v. Bierwirth, 680 F. 2d 263, 272 n.8 (2d Cir. 1982).

        **1.     Susan Blackford was a Fiduciary to the Plan**

S. Blackford was the administrator of Copy Cat's retirement Plan. "A plan administrator . . . must, by the very nature of his position, have discretionary authority or discretionary responsibility in the administration of the plan . . . [p]ersons who hold such positions will therefore be fiduciaries." 29 C.F.R. § 2509.75-8 at D-3 (quotation omitted); Olson v. E.F. Hutton & Co., Inc., 957 F.2d 622, 625 (8th Cir. 1992); see Donovan v. Mercer, 747 F.2d 304, 309 (5th Cir. 1984). At the motion hearing, S. Blackford acknowledged she was the Plan administrator, that she had discretionary authority in the administration of the Plan, and that she was a fiduciary of the Plan. See also Exh. List Exs. A, E. She represented to the Court that she understands her obligations as a fiduciary and wishes to make restitution to the Plan commensurate with her percentage of liability.

        **2.     Joel Blackford was a Fiduciary to the Plan**

Unlike S. Blackford, Copy Cat President J. Blackford disputes whether he is properly deemed a fiduciary to the Plan [Docket No. 42]. J. Blackford argues that although he was President of Copy Cat and appointed S. Blackford as the Plan Administrator, he was simply a minority (39%) shareholder in the company who relied upon S. Blackford to make required Plan payments. Id.; Exh. List Ex. B. Nevertheless, the Court finds that J. Blackford is a fiduciary to the Plan.

Consistent with ERISA's broad remedial purpose, the U.S. Supreme Court has held that a retirement plan fiduciary is defined "not in terms of formal trusteeship, but in *functional* terms of control and authority over plans, thus expanding the universe of persons subject to fiduciary

4

duties – and to damages . . . ." Mertens v. Hewitt Assocs., 508 U.S. 248, 262 (1993) (emphasis in original). Moreover, a person "is a fiduciary within the meaning of ERISA, and thus subject to the fiduciary standard of care, because [he] appoints" the Plan administrator." Hickman v. Tosco Corp., 840 F.2d 564, 566 (8th Cir. 1988); see Leigh v. Engle, 727 F.2d 113, 135 (7th Cir. 1984). J. Blackford admittedly appointed S. Blackford as Copy Cat's Plan Administrator. Exh. List Ex. B ("Joel Blackford Admits he exercised authority by delegating Susan Blackford to take control of the Plan."). Thus, he is a Plan fiduciary. See Hickman, 840 F.2d at 566; see Leigh, 727 F. 2d at 135.

Additionally, persons who exercise control over Plan assets[2] are fiduciaries under ERISA. Trs. of the Graphic Commc'ns Int'l Union Upper Midwest Local 1M Health and Welfare Plan v. Bjorkedal, 516 F.3d 719, 732 (8th Cir. 2008) (finding ERISA "imposes fiduciary obligations on individuals who are not named as fiduciaries but nonetheless exercise actual authority over plan assets"); see IT Corp. v. Gen. Am. Life Ins. Co., 107 F.3d 1415, 1421 (9th Cir. 1997). J. Blackford exercised control over Plan assets. Exh. List Ex. B. J. Blackford admitted "he was responsible for making administrative decisions on the Plan's behalf," and that he "had authority to direct payment to the Plan." Id. Therefore, J. Blackford is a fiduciary to the Plan.

Additionally, Plan assets were commingled with funds from Copy Cat's general account (Exh. List Ex. B) and J. Blackford paid Copy Cat creditors with funds from the general account. Exh. List Ex. F. Thus, J. Blackford is a fiduciary to the Plan. See Bannistor v. Ullman, 287 F.3d

---

[2] Plan assets include monies withheld from employee wages for contribution to the Plan after the 15th business day following the month after the monies were deducted. 29 C.F.R. § 2510.3-102; see, e.g., U.S. v. Whiting, 471 F.3d 792, 799-800 (7th Cir. 2006).

394, 403 (11th Cir. 2002) (holding that a person is a fiduciary when they allowed plan assets to remain in the company's general account and then used the company's general account to pay creditors); Connors v. Paybra Mining Co., 807 F. Supp. 1242, 1246 (S.D. W. Va. 1992) (same).

For all the reasons set forth above, J. Blackford is a functional fiduciary to the Plan. See Mertens, 508 U.S. at 262.

### 3. ERISA Violations

Having determined that J. Blackford is a Plan fiduciary, the Court has resolved the only disputed issue between the parties. S. Blackford admitted being a Plan fiduciary, and both S. Blackford and J. Blackford admit that Copy Cat withheld participant Plan contributions through payroll withholdings that were not remitted to the Plan. Exh. List Exs. B, Ex. D, ¶ 5. S. Blackford and J. Blackford further admit that Plan assets were commingled with Copy Cat's general assets. Exh. List Ex. B. Thus, the Court finds that both S. Blackford and J. Blackford, as Plan fiduciaries, violated at least five provisions of ERISA. See 29 U.S.C. §§ 1103(c)(1) (assets of plan not to inure to benefit of employer), 1104(a)(1)(A) (fiduciary shall discharge duties solely in interest of employee plan participants); 1106(a)(1)(D) (fiduciary shall not directly or indirectly transfer plan assets for benefit of party in interest); 1106 (b)(1) (fiduciary shall not deal with the assets of the plan in his own interest or for his own account); 1106 (b)(2) (fiduciary shall not act in any transaction involving the plan on behalf of party whose interest are adverse to interests of plan or participants).

### 4. Relief

ERISA provides that fiduciaries who breach their "responsibilities, obligations, or duties . . . shall be personally liable to make good . . . any losses to the plan" resulting from the breach. 29 U.S.C. § 1109(a). This loss includes withheld Plan contributions that were not remitted to

6

the Plan, along with prejudgment interest. Leonard v. Southwestern Bell Corp. Disability Income Plan, 408 F.3d 528, 533 (8th Cir. 2005); see Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692, 696 (7th Cir. 1991) (prejudgment interest presumptively available to victims of ERISA violations).

The Secretary has provided evidence that the Plan incurred total losses of $13,218.76, which includes $9,770.10 in unpaid employee contributions and $3,448.66 in lost opportunity costs (i.e., interest). Exh. List Ex. G. Neither S. Blackford nor J. Blackford dispute the Secretary's calculations. Thus, as Plan assets were handled in violation of ERISA, and as both S. Blackford and J. Blackford are Plan fiduciaries, the Court finds that S. Blackford and J. Blackford are jointly and equally responsible for repaying the amount of $13,218.76.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the Secretary's Motion for Summary Judgment [Docket No. 33] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 4, 2011.